### CHARLES THOMPSON *vs.* NEWELL SNOW & others

In all cases of proceedings in insolvency instituted *in invitum*, St. 1844, c. 178, § 9, requires that notice should be given to the debtor before the warrant is issued, and without such notice the proceedings are void.

Where a warrant in insolvency is issued against partners, on the petition of a creditor, without previous notice to them, a formal waiver of notice, filed by one of the partners with the commissioner, does not make the proceedings good as against his copartner.

THIS was a proceeding by petition under the equitable jurisdiction of the court in matters of insolvency.

The petitioner set forth, that in the year 1827, he formed a copartnership in trade with Hollis Thompson, under the name and style of C. & H. Thompson, which continued to the 8th of November, 1848, on which day, Daniel W. Alvord, esquire, commissioner of insolvency for the county of Franklin, issued a warrant under his hand and seal, of which the following is a copy : —

"L. S.   To the sheriff of the county of Franklin, or either of his deputies. Whereas Newell Snow of Colerain in the county of Franklin has this day presented to me, Daniel W. Alvord, of Greenfield, commissioner of insolvency for the county of Franklin, his petition setting forth that Charles Thompson and Hollis Thompson, both of Colerain aforesaid, copartners in trade, under the firm of C. & H. Thompson, are indebted to him in the sum of five hundred and eighty-nine dollars and ninety-six cents and upwards, according to a certain promissory note, which note is as follows : ' $589·96.   Colerain, October 25, 1848.   For value received we promise to pay to our own order, five hundred and eighty-nine dollars and ninety-six cents on demand and interest, being for balance of account due Griswoldville Manufacturing Co.,' and signed C & H. Thompson, and indorsed in blank by said C. & H. Thompson, for which said sum the said petitioner is now entitled to maintain an action against the said C. & H. Thompson, and further setting forth that the goods and chattels of the said C. & H. Thompson were, on or about the twelfth day of June last, attached on mesne process for the sum of one hundred dollars or upwards, in a civil action on a writ at the suit of one Thomas Barber of Colerain aforesaid, which writ was returnable at the court of common pleas holden at Greenfield, within and for the county of Franklin, on the second Monday of August last past, and although the said writ was duly returned to our said court at the return day thereof, and duly entered of record therein, and although the said court has adjourned without day, and the said term of the said court has passed, the said C. & H. Thompson did not, on or before the last day of the said term of the said court, to which said writ was returnable, dissolve said attachment, but the same was continued after the last day of said term ; and praying that a warrant may issue to take possession of the said estate, joint and separate, of the said C. & H. Thompson, for the benefit of their creditors, and that such further proceedings may be had in the premises, as the law in such cases prescribes.

Therefore you are hereby required, as messenger, to take possession of all the estate, real and personal, of the said insolvent debtors, excepting such as is by law exempted from attachment, and of all their deeds, books of account and papers, and keep the same safely, until the appointment of an assignee or assignees.   And you are also required to give public notice, by advertisement to be published three weeks in the newspaper called the Franklin Democrat, printed at Greenfield, the first publication to be made forthwith, that this warrant has issued, that the payment of any debts and the delivery of any prop

erty belonging to said insolvent debtors, to them or for their use, and the transfer of any property by them, are forbidden by law ; that a meeting of the creditors of the said insolvent debtors will be held at the office of Whiting Griswold, in Greenfield, on the first Tuesday of December next, at ten o'clock n the forenoon, for the proof of debts and the choice of an assignee or assignees; and you are further required to notify the said Charles Thompson and Hollis Thompson of the issuing of this warrant, by delivering to each of them an attested copy of this warrant. You will also send written notice, within ten days after the date hereof, to the creditors of said insolvents, named on the schedule of creditors to be delivered to you by them within three days after the date hereof, of the time and place of said meeting. You will there have this warrant with your doings therein. Witness my hand and seal this eighth day of November, in the year one thousand eight hundred and forty-eight."

The petitioner further alleged, that in conformity with the above warrant, and without any legal notice to him of the institution or pendency of the proceedings therein mentioned, his property and that of the firm of C. & H. Thompson were taken into the possession of Henry Frink, acting as messenger under the warrant; that John Wilson was afterwards appointed assignee, and took possession of the same property ; that the petitioner was required by a summons under the hand and seal of the commissioner, to appear before him and submit to examination in relation to matters and things touching the alleged insolvency of C. & H. Thompson, and was requested by the assignee, and refused, to sign a schedule of the creditors of the same; that, in point of fact, it was not true that the goods and chattels of C. & H. Thompson, or of either of them, were attached, as stated in the petition upon which the warrant was issued ; nor did it appear that the commissioner so found; nor had the petitioner, prior to the issuing of the warrant, any notice or opportunity to contest the proceedings.

The prayer of the petition was, that an order might be passed, enjoining the commissioner and the creditor from proceeding further against C. & H. Thompson, as insolvents, directing the assignee to surrender to the petitioner the property taken from him, and vacating and annulling all the decrees and acts of the commissioner in the premises.

The case was submitted to the court upon the following agreed statement of facts : —

On the 8th of November, 1848, the respondent Snow presented a petition, in the usual form, to the commissioner, Alvord, another of the respondents, praying that a warrant of insolvency might issue against the joint and separate estate of C. & H. Thompson, alleging for cause the existence of an attachment against them not dissolved according to law. On the same day, and without notice to C. & H. Thompson, the commissioner issued his warrant, according to the prayer of the petition, and in the form already stated.

These proceedings were not known to the petitioner, until the service of the warrant. But Hollis Thompson, his partner, knew of them and made no objection; and, before the presentation of Snow's petition to the commissioner, expressed his determination to the commissioner to put the firm of C. & H. Thompson into insolvency, by a proceeding on his own voluntary petition, before the then next November term of the court of common pleas, unless they should previously be thrown into insolvency on the petition of a creditor. But Hollis Thompson was not present at the time Snow's petition was presented, and did not, in form, waive notice until after the issuing of the warrant.

At an adjourned first meeting of creditors, held in pursuance of the proceedings above stated, on the 12th of December, 1848, Hollis Thompson filed before the commissioner a waiver in writing, signed by him (but not assented to or known of by Charles Thompson), which was placed on file among the papers in the case, and of which the following is a copy: —

"FRANKLIN, ss. December 12th, 1848. I, Hollis Thompson of Colerain in said county, in behalf of myself individually, and of the firm of C. & H. Thompson, of which said firm I am a member, hereby waive any right which I or said firm may have to object to the proceedings in insolvency against said firm, now pending before Daniel W. Alvord, commissioner of insolvency for said county, or any part of said proceedings, in consequence of any want of notice of the pendency of said petition before the issuing of the warrant, or on account of any defect in the attachment on which said proceedings are founded."

A schedule of the creditors of C. & H. Thompson, signed by Hollis Thompson in the name of the firm, was furnished

by him to the messenger; and at the first meeting of the creditors, Hollis Thompson also presented a schedule of the property of the firm, signed by him in their name, and sworn to by him, together with schedules of his own private creditors and property, signed and sworn to by him in his own name. Charles Thompson likewise furnished the messenger with schedules of his private creditors and of the creditors of C. & H. Thompson, but did not sign them. At the first meeting of the creditors, Charles Thompson came to the place of meeting, and requested the commissioner to let him have the last-mentioned schedules for some purpose which he did not disclose. The commissioner refused, and thereupon Thompson immediately left the room, and has never attended any other meeting of the creditors, although served with a notice, signed by the commissioner, to attend an adjourned first meeting.

The attachment on the writ of Thomas Barber, against C. & H. Thompson, which was the basis of the proceedings in insolvency, as appears by the officers' return, was as follows : —

" FRANKLIN, ss., June 12th, 1848, at thirty minutes past 12 o'clock, P. M. By virtue of this writ I attached all the right, title and interest the within-named defendants have in right or in equity in any real estate within the towns of Heath and Colerain, and also in all and any real estate within the county of Franklin ; and all the right and title of either in the same. S. H. Reed, Sheriff."

" FRANKLIN, ss. July 19th, 1848. By virtue of this writ I attached a chip, the property of the within-named defendants, and soon after on the same day I left at the dwelling-house of the within-named Charles Thompson and Hollis Thompson, each of them a summons for their appearance at court. H. Frink, D. Sheriff."

On the 12th of June, 1848, when the first attachment was made, Charles Thompson owned in his individual capacity real estate to the amount of more than $100 ; C. & H. Thompson owned jointly equities of redemption of land in Heath and Colerain, each of which was worth more than $100, and Hollis Thompson was the owner of an equity of redemption of certain real estate, but whether of any value or not, was not known. These facts appeared to the satisfaction of the commissioner, at the time of the presentation of

11*

the petition to him; but he made no formal adjudication thereon, other than the issuing of the warrant. The amount of debts proved at the first meeting of creditors against the firm of C. & H. Thompson was $7074·22.

*G. T. Davis*, for the petitioner.

*W. Griswold*, for the respondents.

SHAW, C. J.   This is a petition by Charles Thompson to this court, to vacate and supersede proceedings in insolvency commenced against the petitioner and Hollis Thompson, on the petition of Newell Snow.   The latter was a proceeding *in invitum*, commenced by a creditor, alleging an attachment on mesne process of the estate of Charles and Hollis Thompson; a return of the writ and an entry of the action; and that the debtors did not take measures to dissolve such attachment before the termination of the return term.   This brings the case within the provisions of the insolvent law. *St.* 1838, *c.* 163, § 19.

It was contended, that under the very general terms in the return of the officer, there was no sufficient attachment of the property of the debtors, to bring the case within the statute.   As it is agreed that there was real estate of the debtors, which would be bound by such attachment, we should have been inclined to think it a sufficient attachment, but for the observations in the case of *Dennis* v. *Sayles*, 11 Met. 233.   But as it is not necessary, we express no opinion on this point.

The other objection to the validity of the proceedings, that no notice was given to the debtors before issuing the warrant, is decisive.   The statute of 1844, *c.* 178, § 9, in all cases of proceeding *in invitum*, requires previous notice to be given to the debtor, and without it the proceedings are void; and such is the construction which has been put upon it.   *Buck* v. *Sayles*, 9 Met. 459.   Prior to the statute of 1844, previous notice to the debtor was not required.   *Kimball* v. *Morris*, 2 Met. 573.   But by that statute, such notice is required in all cases, where the proceedings are *in invitum* commenced by a creditor.

Nor do we think that the proceedings against Charles

Thompson can be made good, by the formal waiver of notice given in this case by Hollis Thompson, after the proceedings commenced, even if jurisdiction could be given to the com missioners by consent of parties.   We are not to assume, merely because it is so averred in the petition, that the two individuals were partners, or that there was any outstanding partnership debt.   Charles Thompson had a right to be heard, and *non constat*, if he had had the notice the law requires, that he would not have contested both those allegations, and contested them successfully.

*All proceedings vacated and superseded.*